# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESEE OF THE WESTERN DIV ISION

Rodney Harper

    Plaintiff

VS.                                                        No. 2:09-cv-02677-SHM-cgc

F. C. R. Tennessee

    Defendant

---

## PLAINTIFF'S RESPONSE TO DEFENDANT MOTION FOR PROTECTIVE ORDER (D. E. No. 26) IN PURSUANT TO L.R. 7.2

---

### BACKGROUND

Suit was filed against the Defendant FCR Tennessee, Inc., on October 22, 2009.

On November 17, 2009 the Court ordered Plaintiff to amend his complaint in pursuant to equitable to tolling of the statute of limitations.

On December 08, 2009, Plaintiff filed an amended complaint in pursuant to "willful" Age Discrimination in Employment Act (29 U.S.C.S. 621 – 634).

On March 23, 2010, Defendant filed an answer to Plaintiff's amended complaint in pursuant to Motion to Dismiss or for Summary Judgment.

On April 9, 2010 the Court issued a Scheduling Order and Trial Setting.

On October 06, 2010, Defendant filed a motion to modify scheduling order; stating that plaintiff claims should be dismiss.

On November 15, 2010 Plaintiff filed a response to Defendant motion to modify scheduling order.

On January 11, 2011 Defendant filed a Motion for Protective Order as to discovery request.

On January 12, 2011 the Court ordered the Defendant's Motion for Protective Order as to discovery request (D.E. No. 26) reference to Magistrate Judge for a determination.

### FACTUAL AND PROCEDURAL HISTORY

On September 16, 2010 Plaintiff filed his first request for initial discovery in disclosure in pursuant to Federal Civil Procedure Rule, two documents was filed to Defendant in regard to discovery.

On October 1, 2010 the Plaintiff consulted with Ms. Megan E. Arthur in regard to L. R. 7.2 in pursuant to an extension of time for discovery.

On October 08, 2010 the Plaintiff filed a motion for extension of discovery.

On November 1, 2010 a Status Conference was held and the issue of disclosure discovery.

On November 18, 2010 Plaintiff filed interrogatories question to Defendant.

On November 19, 2010 Plaintiff filed a courtesy letter to Mr. Joe Lee Wyatt and Ms. Megan E. Arthur concerning the issues of the Plaintiff's first initial discovery disclosure which distinguish the dispute of discovery disclosure which was between Fed. Civ. R. P., Rule 16, 26 and 34 which Ms. Arthur had argue on the consultation meeting of October 1, 2010. See Exhibit 1.

On November 22, 2010 the Plaintiff met with Ms. Arthur concerning the matter of the initial discovery disclosure documents; Ms. Arthur agree to compel with the documents request and the Plaintiff agreed not to file an motion to compel.

Ms. Arthur agreement is exhibited in a letter she mailed to the Plaintiff. See Exhibit 2.

From the time the Plaintiff filed his request on September 16, 2010 to the Defendant, until the time the Plaintiff received the Defendant response is as follow, on the first request the time is 76 days on the second request the time is 88 days.

The Plaintiff is mindful of the extension of time for discovery that was filed and the original deadline for discovery.

Once the defendant was put on notice by the Plaintiff filing a motion for extension of discovery time and when the Defendant also filed a motion for extension of discovery time pending a ruling for the Court. The Defendant could have follow discovery disclosure request in the light of Justice or could have informed the Plaintiff by notice concerning the Plaintiff discovery request disclosure.

On November 18, 2010 Plaintiff filed his first and only set of interrogatory questions to the Defendant.

On November 24, 2010, Plaintiff faxed Ms. Arthur a letter in pursuant to Fed. Civ. P. R., Rule 34, requesting discovery.

On December 1, 2010, Plaintiff filed a document to Ms. Arthur in pursuant to Fed. Civ. P.R., Rule 34, requesting discovery.

On December 20, 2010, Plaintiff communicated with Ms. Arthur by phone around or about 3:13 p.m., about Plaintiff filing a Motion to Compel discovery, in regard to Plaintiff's first and second set of discovery requests received from Defendants to this day. The Plaintiff E-Mailed Ms. Arthur on or around November 19th and 22nd, 2010 and December 16th and 20th, 2010. See Exhibit _____.

On January 7, 2011 Plaintiff filed a document with Ms. Arthur concerning a meeting in pursuant to L. R. 7.2 about the Plaintiff interrogatories request and Plaintiff request in regard to Fed. Civ. P.R. Rule 34 filed on December 1, 2010.  See Exhibit 3.

On January 12, 2011 Plaintiff talked with Ms. Arthur concerning Plaintiff's Document filed January 7, 2011, that was when the Plaintiff learn about the defendant had filed a Motion for Protective Order.

On November 18, 2010, Defendant received Plaintiff first and only interrogatories questions with instruction to file an answer within 30 days upon receipt of document.

Plaintiff received an answer from Defendant on January 13, 2011 (that was dated January 11, 2011) 56 days after Plaintiff had filed interrogatories questions.

The actual time the response was due should have been December 18, 2010, (that day was on a Saturday), therefore Defendant had until December 20, 2010 (a Monday), to file a response.

The Defendant response was 26 days after the due day of December 20, 2010.

On December 1, 2010 Plaintiff filed a document to Defendant in pursuant to Fed. Civ. P.R., Rule 34 with instruction to file an answer within 30 days upon receipt of document.

Plaintiff received an answer from Defendant on January 13, 2011 (that was dated January 11, 2011), 43 days after Plaintiff had filed discovery request in pursuant to Fed. Civ. P.R., Rule 34.

The actual time the response was due should have been December 31, 2010.

The Defendant's response was received January 13, 2011 (dated January 11, 2011).

The Defendant's response was filed or received 13 days after the response was due.

The Defendant's response to both documents was late in addition to Plaintiff filing a document to Defendant in pursuant to L.R. 7.2 that also notify Defendant that a response to documents was pass due.

Defendant also filed a Motion for Protective Order without consulting with Plaintiff prior to filing motion as required by L.R. 7.2.

Then, the Court approved the Defendant motion without respect to Local Rule 7.2.

Number of times Plaintiff and Defendant communicated prior to Defendant filing Motion for Protective Order.

And Defendant did not communicate to or with Plaintiff about filing a Motion for Protective Order.

The calculation of communication is base on when interrogatories questions and discovery request was filed in pursuant to Fed. Civ. P.R., Rule 34.

The communication factor shall include consultation meeting with Defendant, documents filed to Defendant by Plaintiff's E-Mail communication between Plaintiff and Defendant and phone conversation between Plaintiff and Defendant.

On November 18, 2010, Plaintiff filed interrogatories questions to Defendant.

On November 19, 2010, Plaintiff filed a courtesy letter to Defendant concerning discovery.

On November ___, 2010 Plaintiff E-Mailed Ms. Arthur concerning a meeting in regard to L.R. 7.2. See Exhibit 4.

On November 22, 2010, Plaintiff met with Ms. Arthur concerning a meeting in regard to L.R. 7.2.

On November 24, 2010, Plaintiff went by Ms. Arthur office to hand deliver a letter regarding discovery in pursuant to Fed. Civ. P.R., Rule 34.

Due to the holiday Ms. Arthur's office closed early.  So Plaintiff faxed the letter regarding discovery in pursuant to Fed. Civ. P.R., Rule 34.

On December 1, 2010, Plaintiff filed discovery request document in pursuant to Fed. Civ. P.R., Rule 34.

On December 16, 2010, Plaintiff filed to Defendant a document in concern to L.R. 7.2 in regard to discovery.  See Exhibit 5.

Plaintiff also correspondent with Defendant by way of E-Mail.  See Exhibit 6.

On December 20, 2010, on or around 3:13 p.m.,Plaintiff called Defendant as instructed by Ms. Arthur's E-Mail.

On January 7, 2011, Plaintiff filed a second document with Defendant concerning discovery in pursuant to L.R. 7.2 in regard to discovery.

On January 11, 2011, Plaintiff received a phone call from Defendant in according to the Plaintiff's caller identification phone system the call was received at 1:23 p.m. on 1/11/2010, from McWhirter Wyat. 901-257-0125

On January 11, 2011, around 2:15 p.m., Plaintiff return Defendant call.

Plaintiff did not talk directly with Ms. Arthur, so Plaintiff left Ms. Arthur a voice mail message.

Plaintiff did not receive a return call from Ms. Arthur on January 11.2011.

On January 12, 2011, Plaintiff called Ms. Arthur around 9:15 a.m., at this time was when Plaintiff learned that Defendant's Motion for Protective Order was filed.

On January 13, 2011, Plaintiff received Defendant's response and answer to Plaintiff discovery request.

The Defendant only filed an answer to Plaintiff interrogatories questions.

No response or answer was given to Plaintiff discovery request of discovery request filed to Defendant on December 1, 2010 in pursuant to Fed. Civ. P.R., Rule 34.

No response or answer was given to Plaintiff discovery request letter that was faxed to Defendant on November 24, 2010.

Now, the Defendant states that the Plaintiff has made five different discovery request.

In a package of documents that the Plaintiff received from the Defendant on January 13, 2011, dated January 11, 2011.  A letter was included that explained Defendant had included an executed response to Plaintiff third set of discovery requests.

Plaintiff's third set of discovery requests, is the document Plaintiff filed to Defendant's office title.

Plaintiff's Interrogatories to Defendant's Action Arising out of Age discrimination – Action for Wrongful Denial of promotion – Based on Age discrimination [Fed. R. Civ. P. 33].

This package of documents also included Defendant's Motion for Protective Order, that was filed with the Court on January 11, 2011.

Documents in the package was title as follow or divide as follow:

**Title of Documents**

1.   Defendants' Answer to Plaintiff's Third Set Of Discovery Requests [Plaintiff Interrogatory Questions]

2.   Plaintiff's Interrogatories to Defendant – Action Arising Out Of Age

Discrimination

Action for Wrongful Denial of Promotion – Based On Age discrimination- Based on Age

Discrimination [Fed. R. Civ. P. 33].

3.   Defendants' Motion For Protective Order As To Plaintiff's Third, Fourth and

Fifth

Sets of Discovery Requests, filed as Document 26.

4.   Certificate of Consultation On Defendants' Renewed Motion To Modify

Scheduling

Order, filed as Document 26-.

5.   Memorandum In Support Of Defendants' Motion for Protective Order As To

Plaintiff's Third, Fourth, And Fifth Sets Of Discovery Requests, filed as Document 26-2.

6.   Plaintiff Requesting Initial Discovery In Disclosure In Pursuant Federal Civil

Procedure Rule / Plaintiff's Second Request, filed as Document 26-8.

7.   Defendants' Response To "Plaintiff Requesting Initial Discovery In Disclosure In

Pursuant Federal Civil Procedure Rule / Plaintiff's Second Request", filed as Document 26-9.

8.   Letter to Mr. Joe Lee Wyatt and Ms. Megan Arthur, in pursuant to Fed. R. Civ. P.,

Rule 34, filed as Document 26-10.

9. In pursuant to Fed. R. Civ. P. 34; under Rule 34 (Fed. R. Civ. P. Appendix of Forms, Form 50). In regard to Employment Discrimination issue - the Plaintiff is Requesting, Producing Documents, Electronically Stored Information and Tangible Things, or Entering on to land, for Inspection and Other Purposes filed as Document 26-10.

The Defendants' Documents titled Memorandum In Support of Defendants' Motion For Protective Order As To Plaintiff's Third, Fourth, and Fifth Sets Of Discovery Requests and Defendants' Motion for Protective Order As to Plaintiff's Third, Fourth, and Fifth Set of Discovery Requests.

The Defendants argues that Plaintiff has submitted 73 separate requests of discovery requests not including subparts.

The Defendants states that the EEOC conducted an "extensive discovery" three times through its investigations.

The Defendants also content that the Plaintiff has submitted four (4) interrogatories in his first set of discovery requests, and seven (7) interrogatories in his seconds set of discovery requests, and twenty-five interrogatories in his third set of discovery requests, resulting in the third set of discovery exceeding the limit of twenty-five interrogatories imposed by Fed. R. Civ. P. 33 (a) (2010).

The Plaintiff has established through mathematical calculation how the Defendants has come up with a total number of 73 separate requests.

Plaintiff list of discovery requests in pursuant to Fed. Civ. P. R., Rule 34 and 33.

1. Plaintiff Requesting Initial discovery In disclosure In Pursuant Federal Civil Procedure rule (First Request).

1a. Defendants' Response to "Plaintiff Requesting Initial Discovery In Disclosure In Pursuant to Federal Civil Procedure Rule" (First Request).

The Plaintiff's first request for document included 10 requests according to Ms Arthur's calculation.

2.   Plaintiff Requesting Initial Discovery In Disclosure In Pursuant to Federal Civil Procedure Rule / Plaintiff's Second Request.

2.a. Defendants' Response To "Plaintiff Requesting Initial Discovery In Disclosure In Pursuant to Federal Civil Procedure Rule / Plaintiff's Second Request".

The Plaintiff's second request for documents included 12 request according to Ms. Arthur's calculation.

3.   Plaintiff Interrogatories to Defendant- Action Arising out of Age Discrimination-Action for Wrongful Denial of Promotion – Based on Age Discrimination [Fed. Civ. P R. 33].

3.a. Defendants' Answer To Plaintiff's Third Set Of Discovery Requests.

The above title at 3.a. is the Defendants' response to Plaintiff Interrogatories Questions.

The Plaintiff's Interrogatories Questions included 25 Interrogatories Questions according to Ms. Arthur.

4.   The fourth set of discovery requests included two discovery requests which is stated

by the Plaintiff in pursuant to Rule 34 of Fed. Civ. P. R.

This request was faxed to Ms. Arthur as stated earlier by Plaintiff.

4.a. The fourth set of discovery requests was not answer by Ms. Arthur.

5. In pursuant to Fed. Civ. P. R., Rule 34, under Rule 34 (Fed. Civ. P. R. Appendix of Forms, Form 50). In regard to Employment Discrimination issue – the Plaintiff is Requesting Producing Documents, Electronically Stored Information and Tangible Things, or Entering on to Land for Inspection and Other Purposes.

This above title Document was not answer by Ms. Arthur.

The above document contain 24 requests in pursuant to Fed. Civ. P. R., Rule 34.

According to Ms. Arthur's calculation the Plaintiff has drafted 5 sets of discovery requests.

Four of the 5 requests are drafted in pursuant to Fed Civ. P. R., Rule 34 and 1 is drafted in pursuant to Fed. Civ. P. R., Rule 33.

According to Ms. Arthur's calculations, Plaintiff requests and questions are as follow:

1. Has 10 request.

2. Has 12 request.

3. Has 25 Questions.

4. Has 2 requests.

5. Has 24 requests.

A total of 73.

Of the above requests 1, 2, 4 and 5 are construed out of Fed. Civ. P. R., Rule 34.

Of the above 5 request 3 is construed out of Fed. Civ. P. R., Rule 33.

According to the Defendant, the Plaintiff has incorporated eleven (11) interrogatories questions in Plaintiff's initial discovery request, four (4) interrogatories in his first set and seven (7) interrogatories in his second set.

Ms. Arthur makes this broad statement without any evident to support this claim or an exhibits to prove her point.

Plaintiff initial discovery request is construed in pursuant to Fed. Civ. P. R., Rule 34.

Rule 34 request cannot include interrogatories questions because interrogatories questions cannot be construed within Rule 34. A Rule 34 request is construed for production of documents request.

If Plaintiff had construed interrogatories questions in his initial discovery; why Defendant did not bring this point up when Plaintiff first introduced the initial discovery request to Ms. Arthur back in September.

Ms. Arthur forwarded Plaintiff's initial discovery request to the Court on October 6th and 8th of 2010. When she filed her Modify Scheduling Order but did not bring to the Court attention that Plaintiff had eleven (11) interrogatories questions with his initial discovery request.

According to Fed. Civ. P. R. and case law Ms. Arthur has waived her right to argue about the interrogatories questions even if this was the case because Ms. Arthur now brings this matter to the Court attention after discovery has ended and now on January 13, 2011.

**THEREFORE**, if Ms. Arthur's argument was true the eleven (11) (????) interrogatories questions shall not be added to the 25 interrogatories questions the Plaintiff has filed under the third set of discovery request.

Plaintiff filed a letter to Ms. Arthur on November 19, 2010 in regard to Plaintiff's initial discovery request and on November 22, 2010, Plaintiff met with Ms. Arthur about the Plaintiff initial discovery request and Ms. Arthur did not inject or make an injection about interrogatories questions at the meeting on November 22, 2010.

Ms. Arthur made an audio tape recording of the meeting which can be brought in

As evident to prove Plaintiff's point.

In according to Fed. Civ. P. R., Rule 34 (b) – Procedure.

The rule contains no limitation on the number of document requests.

Bourguignon v. Spielvogel, 2004 WL 743668 (D. Conn. 2004),

At *2, Fed. Civ. P. R., Rule 34 does not include any maximum number of documents that can be requested.

Some districts have local rules limiting the number of document requests.

See Lurensky v. Wellinghoff. 258 F.R.D. 27, 30 (D. D. C. 2009)

**Memorandum Opinion**

John M. Facciola, United States Magistrate Judge

I am reluctant at this stage to impose any per se limits on the extent of discovery with respect to requests for production.

Fed. Civ. P. R., Rule 34.

**Time to Answer**

A written response is due within 30 days of service.

Jaynett H. Lee, Inc. v. Flagstaff Industries Corp., 173 F.R.D. 651, 654 (D. Md. 1997)

B. Discovery by Request for Production of Documents.

Once a party receives a request for production of documents Fed. Civ. P. R., Rule 34 (b) is very clear about what must be done.

This rule requires that a written response shall be served within 30 days after the service of the request for production of document. Rule 34. (2) (A), Time to Respond. The party to whom the request is directed must respond in writing within 30 days after being served.

Absent a stipulation or court order permitting a longer time in which to respond.

The time to answer may be extended by written agreement under Rule 29.

Tropix, Inc. v. Lyon 169 F.R.D. 3, 4 CD. Mass; (1996).

[1] Defendants' counsel argues that since Rule 29 Fed. Civ. P. R., reads that "...the parties may by written stipulation ...modify the time limits, a written stipulation is not the only way in which an enlargement can be effected and that informal agreements of counsel will accomplish the same result.

I reject such an interpretation because it would render the requirement of a written stipulation meaningless. I rule that in order to obtain an enlargement of the time within which to respond to written discovery, a party must either obtain a written stipulation signed by all the parties, or an order of the Court enlarging the time.

Other wise, the responses answers and/or objections to discovery promulgated pursuant to Rule 33, 34, and 36, Fed. Civ. P. R., must be served within thirty (30) days of service.

Ms. Arthur did not and has not filed a stipulation to Plaintiff request for discovery in pursuant to Fed. Civ. P. R., Rule 35 or 33.

If the responding party intends to object to some of the documents requested the stipulation should specify that the time is extended to answer and file objections.

Coregis Ins. Co. v. Baratta & Fenerty, Ltd., 187 F.R.D. 528, 530 (E.D. Pa. 1999).

[6, 7] Technically, Coregis waived its right to object to Baratta & Fenerty's discovery requests. Although, both Fed. Civ. P. R., Rule 33 and 34 permit the Court to allow a longer period to respond to a discovery request. Coregis made no request to this Court for an extension of time to respond, resulting in a failure to comply with the letter and spirit of the Federal Rules of Civil Procedure.

See Shenker v. Sportelli, 83 F.R.D. 365, 366 n. 1 (E.P. Pa. 1979).

Ms. Arthur, also did not service Plaintiff with a response to Plaintiff Fed. Civ. P. R., Rule request within thirty (30) days as required by Fed. Civ. P. R., Rule 34.

The period for responding may also be shortened or lengthened by the court typically upon motion by one of the parties.

Ellsworth Associates, Inc., v. U.S. 917 F. Supp. 841, 844 (D. D. C. 1996).

[1,2] Courts have wide discretion with respect to discovery and Federal Rule of Civil Procedure 34 (b) expressly provides that courts may expedite discovery.

Ms. Arthur did not seek leave of the Court to expedite discovery or an extension of time for discovery until after discovery deadline had expired.

Rule 34 (b) – Failure to Object Is Waiver.

In contrast to Rule 33 governing interrogatories, Rule 34 does not contain an explicit provision stating that failure to serve timely objections results in a waiver of those objections, but many courts hold that such waiver is implied.

See, e.g., Candle v. District of Columbia, 263 F.R.D. 29, 32 – 33 (D.D.C. 2009) (failure to serve timely objections can be excused for good cause).

B. Legal Standard for Waiver of Objections.

"Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure", Fed. Civ. P. R., Rule 33 (b) (4).  While Rule 34 lacks similar waiver provisions this Circuit has applied the waiver provision applicable to interrogatories undue Rule 33 to document requests.

See, Myrdal v. District of Columbia No. 05-02351, (D.D.C. June 7, 2007), (finding Defendant waived objections when he answered discovery requests two months late).

See Exhibit _____.

See, Fonville V. District of Columbia 230 F.R.D. 38, 42 (D.D.C. 2005), (finding Defendant waived objections when he filed his responses 20 days late).

See Exhibit _____.

Ms. Arthur do object to Plaintiff's requests in pursuant to Fed. Civ. P. R., Rule 34 filing in Plaintiff requests of discovery requests in sets 1, 2, 4, and 5.

Ms. Arthur has not filed a timely objection to Plaintiff requests by leave of the Court, therefore Ms. Arthur objections should be dismissed.

Ms. Arthur contend that Plaintiff has 2 set of discovery request within the fourth set the requests are in pursuant to Fed. Civ. P. R., Rule 34.  Which Ms. Arthur has not answered and the requests are in the form of a letter, which may be govern by the theory that a letter between counsel is not document request under Fed. Civ. P. R., Rule 34.

See, Suid v. Cigna Corp., 203 F.R.D. 227, 228 – 29 (D.V.I. 2001).

Ms. Arthur contents that Plaintiff has exceeded Fed. Civ. P. R., Rule 33 (a) limitation of 25 interrogatories request including subparts.

First Ms. Arthur makes a boiler plate statement that Plaintiff has added eleven (11) interrogatories by way of initial discovery which Ms. Arthur has not substantiated with proof of any evident.

The Plaintiff is praying upon the Court to view the Plaintiff subparts of interrogatories in the light of Smith v. Café Asia, 256 F.R.D. 247 (D.D.C. 2009) page 254,

f. Number of Interrogatories.

[8] To determine whether an interrogatory is composed of "discrete subparts", the Court looks at the way lawyers draft interrogatories and see (s) if their typical approaches threaten the

purpose of the rule by putting together in a single question distinct area of inquiry that should be kept separate". Willingham v. Ashcroft, 226 F.R.D. 57, 59 (D.D.C. 2005).

Accordingly the Court examines if "a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it".

See, Willingham v. Ashcroft, 226, F.R.D. 57 (D.D.C. 2005). Page 59.

## II. Discussion

[1] I stated that ascertaining whether an interrogatory counted as one question or more than one question required a pragmatic approach.

Thus, once a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory no matter how it is designated.

See, Nyfield v. Virgin Islands Telephone Corp., 200 F.R.D. 246 (D. Virgin Islands 2001). Page 247, 248

Plaintiff argues that each such set of interrogatories are properly numbered in that the subparts thereof are "…logically or factually subsumed within and necessarily related to the primary question", citing Kendall v. GES Exposition Services, Inc., 174 F.R.D. 684. 685 (D. Nev. 1997).

Genuine sub-parts should not be counted as separate interrogatories not withstanding that they are joined by a conjunctive word and may be related.

See, Mullins v. Prudential Ins. Co. of America, 267 F.R.D. 504 (W.D.Ky. 2010). Page 516

## Interrogatories

The Advisory Committee notes to the 1993 Amendments to Rule 33 (a) caution that a party may not evade the 25 written interrogatory limit "through the device of joining as subparts' questions that seek information about discreet separate subjects."

Fed. Civ. P. R., Rule 33 (a), 1993 amendment Advisory Committee Notes' (emphasis added).

In those instances, however, where the subparts' of an interrogatory are logically and factually related to the primary question, no violation of the Rule will be found as the subparts are to be counted in the circumstances as but part of one interrogatory.

In regard to Ms. Arthur's argument that Plaintiff has exceeded the limit of interrogatories this statement is boiler plate and is not supported by case law, or authority to prove that the Plaintiff has validate Fed. Civ. P. R., Rule 33 (a).

**Time to Answer**

Answers and objections are due within thirty (30) days of service.

See, Verkuilen v. South Shore Bldg. and Mortg. Co. 122 F. 3d 410, 411 (7th Civ. 1997)

Failure to serve a response in a timely manner (i.e. within thirty (30) days of service) may constitute a waiver of all objections.

See, Mckissick v. Three Deer Ass'n Ltd. Partnership, 265 f.R.D. 55, 57 (D. Conn. 2010)

II, Whether The Defendants Objections Have Been Waived.

[1] Federal Rule of Civil Procedure 33 (b) (4) states that "[a] ny ground not stated in a timely objection is waived unless the Court for good cause excuses the failure".

Mckissick argues that "[a]s a result of Defendants failure to provide timely discovery responses, and their lack responses, and their lack of good cause for such failure, Defendants should be deemed to have waived any potential objections and should therefore be compelled to

respond fully to Plaintiff's discovery requests, including Interrogatory No. 5 and Document Request No. 12". (Pl's reply 2).

See Banks v. Office of Senate Sergeant – at –arms, 222 F.R.D. 7, 21 (D.D.C. 2004).

The time to answer may be extended by order of the court or written agreement under Rule 29.

See Huthnance v. District of Columbia, 255 F.R.D. 297, 298 (D.D.C. 2008).

Under Rule 33 of the Federal Rules of Civil Procedure, "[t] he responding party must serve its answers and any objections within thirty (30) days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court". Fed. Civ. P. R., Rule 33 (b) (2).

Ms Arthur's answered Plaintiff's interrogatories after thirty (30) days.

Ms. Arthur being out side of Fed. Civ. P.R., rule 33 time frame to response and Ms. Arthur delay is not support by good cause.

Ms. Arthur also argues that the EEOC has conducted an extensive discovery investigations three (3) time for Plaintiff.

In response to Ms. Arthur's argument about the EEOC extensive investigations, Plaintiff would like to response as follow.

Ms. Karen R. Johnson enforcement supervisor or her staff fowarded documents to the Defendants which was answer by Ms. Arthur and Mr. Robert Smith (plant manager).

When Plaintiff received and examine their documents that was submitted to the EEOC was false and untrue by their own statements within the documents and by their own signature.

Ms. Arthur gave her account of the Plaintiff's conduct at work under document titled Respondent's Position Paper Relative To The Charge Made By Rodney Harper.

First of all Ms. Arthur account of Plaintiff's conduct at work would be here say because Ms. Arthur do not have firsthand knowledge of what Plaintiff's conduct was like at work.

But, beyond the above statement Ms. Arthur relate to Plaintiff Mr. Harper, and at the end of her statement, Ms. Arthur relate to the Plaintiff as Mr. Turner and then Ms. Arthur sign and date this document alone with her Tennessee Bar No. 25243.

See. Exhibit _____.

Mr. smith has submitted documents to the EEOC stating that the Plaintiff was discipline for tardiness on September 24, 2008.

According to Plaintiff time sheet that was forward to FCR Tennessee to the EEOC.  On the day in question, Plaintiff clocked in at 6:15 a.m. (9/24/2008).

According to policy Plaintiff would be tardy after 6:59 a.m. or 7:05 a.m.  See Exhibit _____.

But Plaintiff was written up for being tardy when Plaintiff was not late.

Clearly these are just two of gross over sites by the EEOC and Defendants when it comes to examining the extensive discovery the EEOC did, and the EEOC did not bring this gross error to Plaintiff attention.

Ms. Arthur has not follow L.R. 7.2 before she filed her Order of Protection.

Plaintiff was not properly notified before Ms. Arthur filed her Order of Protection.

Ms. Arthur states that she tried to call Plaintiff but was unsuccessful but went on and filed her Order of Protection.

See, E.D. Tenn. L.R. 37.2.

See, Soto V. city of Concord, 162 F.R.D. 603, 622 – 623 (N.D. Cal. 1995).

See, N.D. Cal. Civil L.R. 1-5 (n) (local rule specifies that "a written electronic or voice-mail communication does not satisfy requirement to meet and confer or to confer).

Certification is not condition precedent to court's consideration.

See, Reid v. Runyon, 169 F.R.D. 486. 490 – 491 (E.D.N.Y. 1997).

Ms. Arthur's Order of Protection is not support by an affidavit.

Ms. Arthur does not state what type of Order of Protection she want the Court to consider.

Ms. Arthur does not state who and what should be protected by the Order of Protection.

Rodney Harper
4297 Boyce Avenue
Memphis, Tennessee 38111
901-774-9873

## CERTIFICATION OF SERVICE

I, Rodney Harper hereby certify that this document has been hand delivered to the Defendant's Atty. Joe Lee Wyatt, Atty. Megan E. Arthur of WcWhirter, Wyatt & Elder, PPL, Union Commons, 73 Union Avenue, Memphis, Tennessee, 38103 in according to Fed. R. Civ. P., Rule 5, on this ___18___ day of January 2011.

Rodney Harper